## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS

## EASTERN DIVISION

| | | |
|---|---|---|
| MUHAMMAD MUSTAFA, | ) | COMPLAINT |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| SHIRLEY LYDIA SAN, | ) | |
| | ) | |
| Defendant. | ) | DEMAND FOR JURY TRIAL |

## VERIFIED COMPLAINT

NOW COMES the Plaintiff MUHAMMAD MUSTAFA ("Mr. Mustafa" or "Plaintiff"), by and through his attorneys, Mudd Law Offices, and complains of the DEFENDANT SHIRLEY LYDIA SAN ("Ms. San" or "Defendant"), upon personal information as to his own activities, and upon information and belief as to the activities of others and all other matters, and states as follows:

## NATURE OF ACTION

1.      This is an action for violation of the Computer Fraud and Abuse Act ("CFAA") (18 U.S.C. § 1030); the Stored Communications Act (18 U.S.C. §§ 2701, et seq.); the Electronic Communications Privacy Act (18 U.S.C. §§ 2510, et seq.); the Illinois Computer Crime Prevention Law (720 ILCS § 5/17-51); fraudulent misrepresentation; intrusion upon seclusion; and defamation *per se*.

2.      By this action, the Plaintiff seeks compensatory damages, punitive damages, statutory damages, attorneys' fees and costs, and injunctive relief.

## PARTIES

3.　　Plaintiff Muhammad Mustafa is a citizen of the State of Illinois and a resident of Dekalb County, Illinois.

4.　　Defendant Shirley Lydia San is a citizen of the State of Illinois and a resident of Cook County.

## JURISDICTION AND VENUE

5.　　This Court has jurisdiction over the subject matter of the Plaintiff's federal statutory claims pursuant to 28 U.S.C. § 1331. This Court has supplemental jurisdiction over the subject matter of the Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

6.　　The Defendant is subject to both general and specific personal jurisdiction in this Court as she is a citizen of the State of Illinois.

7.　　Venue is proper pursuant to 28 U.S.C. § 1391 because (a) a substantial part of the events or omissions giving rise to this action occurred within this judicial district; and (b) the Defendant resides in and is domiciled within this judicial district.

8.　　An actual case or controversy has arisen between the Plaintiff and the Defendant.

9.　　The Defendant has engaged in intentional conduct with actual malice that has harmed the Plaintiff.

10.　　The Plaintiff has been injured by the Defendant's conduct and has suffered damages resulting therefrom.

## FACTUAL BACKGROUND

11.　　The Plaintiff and the Defendant previously had a romantic relationship.

12.　　Since the romantic relationship terminated, the Parties maintained an amicable

relationship with one another, or so the Plaintiff believed.

13.     Based on his relationship with the Defendant, the Plaintiff trusted the Defendant.

*Supposed Facebook Posts*

14.     On or around September 5, 2024, the Defendant informed the Plaintiff that he was the subject of multiple posts in a Facebook Group called "Are we Dating the Same Guy? Chicago?" ("Facebook Group").

15.     The Defendant informed the Plaintiff that these posts (and the comments within the posts) included images of him, references to his business (including its location), and private messages between himself and third parties.

16.     After the Defendant brought this information to the Plaintiff's attention, the Plaintiff retained legal counsel to contact these women and request they remove or retract any false statements about the Plaintiff, his private affairs, and his business.

17.     Though most did not respond, one particular individual responded stating that she had not engaged in any of the alleged conduct.

*Plaintiff's Disabled Phone*

18.     On or around July 24, 2024, the 5G network on the Plaintiff discovered that his phone became disabled on his way home from work. He could not use the phone to access any data, including GPS, applications, and the internet.

19.     The Plaintiff took his phone to a phone repair store where they ran a diagnostic test. The Plaintiff was told his phone was fine despite the 5G not working.

20.     Soon after he saw the Defendant and spent the rest of the day and most the next day with her.

21.     On or around the evening of July 25, 2024, his phone began working again.

22.     On September 7, 2024, the 5G network on the Plaintiff's phone became disabled again. Again, he could not use the phone to access any data, including GPS, applications, and the internet.

23.     That day the Plaintiff spent about four hours at the store for his phone provider where employees worked to determine what was wrong. Ultimately, they were unable to fix the issue.

24.     During his time at the store, the Plaintiff and the Defendant were communicating through text and phone calls.

25.     Ultimately, on September 8, 2024, the Plaintiff purchased a new phone from a new provider, obtained a new phone number, and filed a police report stating that his phone had been compromised.

26.     Coincidentally, the Defendant joined the Plaintiff when the Plaintiff purchased his new phone and filed the police report.

27.     Later, the Plaintiff became suspicious of the Defendant and now he believes she was actively involved in the disabling of the Defendant's phone.

28.     Alternately, the Defendant herself disabled the Defendant's phone.

29.     On or around September 12, 2024, the Plaintiff notified his contacts that his phone had been compromised and that he had a new number. That day he also wiped his phone clean.

*Anonymous Texts*

30.     Additionally, on September 7, 2024, one woman that the Plaintiff communicated with through his Google Voice account with Google LLC ("Google Account") received anonymous texts messages about the Plaintiff ("Anonymous Texts"). See screenshots of text

4

message attached hereto as "Exhibit A."

31. The Anonymous Texts were sent while Plaintiff's phone was disabled.

32. These Anonymous Texts included accusations that the Plaintiff cheated on multiple women and that he generally "preys on women." See id.

33. These accusations are false.

34. Additionally, in the Anonymous Texts the Defendant stated the Plaintiff contracted a sexually transmitted disease. Id.

35. Specifically, she stated: "He had a health scare last year with an STD and he had to get tested. I am sure he didn't tell anyone but now multiple women are getting tested. U should too." ("STD Accusations"). Id.

36. The STD Accusations are also false.

37. Plaintiff believes that the Defendant sent the Anonymous Texts.

38. Upon information and belief, the Defendant sent the Anonymous Texts with the same or similar content to other third parties.

39. Plaintiff believes that the Defendant accessed and utilized contact information from his Google Account to send the Anonymous Texts.

*Compromised Google Account*

40. Shortly after purchasing his new phone, the Plaintiff realized that he communicated with all of the women discussed above exclusively through his Google Account.

41. The Plaintiff maintains a username and private password to access his Google Account.

42. The Plaintiff has not shared the login information for his Google Account with any individual, including the Defendant.

5

43.     The Plaintiff utilizes his Google Account for both professional and personal reasons.

44.     With his Google Account, the Plaintiff maintains certain confidential business information pertaining to his clients in addition to his own private business documents.

45.     Upon information and belief, the Defendant accessed the Plaintiff's Google Account without his authorization ("Unauthorized Access").

46.     The Defendant improperly obtained information through the Unauthorized Access of the Plaintiff's Google Account.

47.     The Defendant maintained the Unauthorized Access to the Plaintiff's Google Account as demonstrated through one of the Anonymous Texts sent to one woman stating, "Lying to lawyers is going to get us all in trouble." See screenshot of text message attached hereto as "Exhibit B."

48.     Mr. Mustafa forwarded an email from his to this Google Account, not knowing at the time it was compromised. The information included in this email was only known to Mr. Mustafa and his legal counsel.

49.     However, at least one woman received threatening, anonymous communications that referenced specific information in this email.

50.     Mr. Mustafa did not send these anonymous communications.

51.     The Defendant fabricated the story about false statements made in a Facebook Group to mask the source of her information.

52.     Upon information and belief, the Defendant continued to obtain unauthorized access to the Plaintiff's Google Account since September 2024.

53.     As a result of the Defendant's Unauthorized Access, the Plaintiff incurred losses.

54.     These losses include responding to the offense, including legal fees, fees to restore cellular phone and purchase new phone after his had been compromised, and damages to his business-client relationships.

*Intent and Actual Malice*

55.     The Defendant acted with intent and actual malice when she engaged in the foregoing conduct because she intended to harm the Plaintiff.

56.     The foregoing wrongful conduct engaged in by the Defendant shall hereinafter be referred to as the "Wrongful Conduct."

**CLAIMS FOR RELIEF**

**COUNT ONE**

**AS AND FOR A FIRST CAUSE OF ACTION**

**VIOLATION OF COMPUTER FRAUD AND ABUSE ACT**

**18 U.S.C. § 1030**

57.     The Plaintiff hereby incorporates by reference Paragraphs 1 through 56 above in this First Court as though fully set forth herein.

58.     In or around September 2024, the Defendant accessed the Plaintiff's Google Account.

59.     The Defendant accessed the Plaintiff's Google Account to obtain evidence about his personal affairs.

60.     The Plaintiff was not aware of Defendant's Unauthorized Access to the Google Account.

61.     The Plaintiff did not authorize Defendant's Unauthorized Access to his Google Account.

62.     The Defendant knowingly and intentionally accessed the Google Account.

63.     To hide the origin of the source, the Defendant fabricated a story about posts in a Facebook Group to make her story plausible to the Plaintiff.

64.     The Defendant did so with the intent to defraud the Plaintiff.

65.     The computers and servers hosted by Google LLC ("Google") are used in and affect interstate commerce.

66.     The computers hosted by Google constitute protected computers.

67.     The servers hosted by Google constitute protected servers.

8

68.     Based on the foregoing, the Defendant obtained unauthorized access or exceeded her authorized access to protected computers and servers.

69.     By engaging in the foregoing conduct, the Defendant intended to harm the Plaintiff personally.

70.     By engaging in the foregoing conduct, the Defendant violated the Computer Fraud and Abuse Act, specifically 18 U.S.C. § 1030 (a)(2)(C).

71.     The Plaintiff has suffered losses aggregating in more than $5,000 including, but not limited to, the costs of responding to the foregoing violations of the Plaintiff's rights, attorneys' fees, the costs associated with obtaining a new phone, business ramifications with private client information, violation of his statutory rights, invasion of his privacy, and harassment.

72.     Also, the Plaintiff has suffered and continues to suffer irreparable injury for which he has no adequate remedy at law.

73.     The Defendant's Wrongful Conduct may have caused additional harm and damages that the Plaintiff has not yet realized.

74.     WHEREFORE, based on the Defendant's violation of the Computer Fraud and Abuse Act, the Plaintiff seeks:

A.     An award of compensatory damages against the Defendant pursuant to 18 U.S.C. § 1030(g);

B.     Injunctive relief in the form of an order:

i.     compelling the Defendant to cease any attempts to access and/or accessing the Plaintiff's accounts;

ii.     permanently enjoining the Defendant from engaging in any other

conduct explicitly or implicitly impersonating the Plaintiff; and

    iii.  compelling the Defendant to delete any communications intended

for the Plaintiff; and,

C.    Any such other relief to which the Plaintiff may be entitled or as justice

may require.

## COUNT TWO

## AS AND FOR A SECOND CAUSE OF ACTION

## VIOLATION OF STORED COMMUNICATIONS ACT

## 18 U.S.C. §§ 2701, *et seq.*

75.    The Plaintiff hereby incorporates by reference Paragraphs 1 through 56 above in this Second Count as though fully set forth herein.

76.    Google provides an electronic communication service.

77.    Google provides its electronic communication services through its computers and servers.

78.    Google's facilities constitute facilities through which electronic communications services are provided.

79.    The Defendant did not possess authorization to access Plaintiff's Google Account or access the communications stored in Google's computers and servers intended for the Plaintiff.

80.    The Defendant accessed the Plaintiff's Google Account without authorization.

81.    The Defendant accessed stored communications in Plaintiff's Google Account without authorization.

82.    The Defendant obtained such unauthorized access to review the stored

communications in the Google Account and their contents.

83.     The Defendant did not possess authorization to access Plaintiff's Google Account

or access the communications stored in Google's computers and servers intended for the

Plaintiff.

84.     In an effort to divert attention from her as a possible source of the information she

learned, the Defendant fabricated the Facebook Group story to hide the true source of the

information.

85.     The Defendant acted willfully and/or intentionally.

86.     In an effort to divert attention from her as a possible source of the information she

learned, the Defendant fabricated the Facebook Group story to hide the true source of the

information.

87.     The Defendant acted willfully and/or intentionally.

88.     By engaging in the foregoing conduct, the Defendant violated the Stored

Communications Act ("SCA"), specifically 18 U.S.C. § 2701(a).

89.     As a result of the Defendant's violation of the SCA, the Plaintiff suffered injuries

and damages resulting therefrom that include, but are not limited to, the costs of responding to

the foregoing violations of the Plaintiff's rights, attorneys' fees, costs associated with obtaining a

new phone, business ramifications with private client information, violation of his statutory

rights, invasion of his privacy, and harassment.

90.     Also, the Plaintiff has suffered and continues to suffer irreparable injury for which

he has no adequate remedy at law.

91.     The Defendant's Wrongful Conduct may have caused additional harm and

damages that the Plaintiff has not yet realized.

92. WHEREFORE, based on the Defendant's violation of the SCA, the Plaintiff seeks:

A. An award of actual damages against the Defendant in an amount to be determined at trial;

B. An award of punitive damages against the Defendant in an amount to be determined at trial;

C. An award of costs of suit, including attorneys' fees;

D. Injunctive relief in the form of an order:

    i. permanently enjoining the Defendant from accessing stored communications of or intended for the Plaintiff from any account and/or page, including but not limited to, Plaintiff's Google Account;

    ii. permanently enjoining the Defendant from accessing and/or attempting to access the Plaintiff's electronic mail accounts;

    iii. permanently enjoining the Defendant from engaging in any other conduct explicitly or implicitly impersonating the Plaintiff; and

    iv. compelling the Defendant to permanently erase all electronic and other copies of communications intended for the Plaintiff; and,

E. Any such other relief to which the Plaintiff may be entitled or as justice may require.

## COUNT THREE

## AS AND FOR A THIRD CAUSE OF ACTION

## VIOLATION OF THE ELECTRONIC COMMUNICATION PRIVACY ACT

## 18 U.S.C. §§ 2510, *et seq.*

93.     The Plaintiff hereby incorporates by reference Paragraphs 1 through 56 above in this Third Count as though fully set forth herein.

94.     Google provides an electronic communication service.

95.     In or around September 2024, the Defendant accessed the Plaintiff's Google Account to obtain information about his personal affairs.

96.     The Plaintiff was not aware of Defendant's Unauthorized Access to the Google Account.

97.     The Plaintiff did not authorize Defendant's Unauthorized Access to his Google Account.

98.     The Defendant knowingly and intentionally accessed the Google Account.

99.     The Defendant knowingly and intentionally accessed the Google Account without authorization.

100.    The Defendant intercepted electronic communications intended for the Plaintiff sent to such accounts.

101.    The Defendant intentionally intercepted electronic communications intended for the Plaintiff.

102.    The Defendant intentionally intercepted electronic communications intended for the Plaintiff each time she received an electronic communication intended for the Plaintiff.

103.    Upon information and belief, the Defendant intentionally intercepted electronic

communications intended for the Plaintiff on many occasions.

104. In doing so, the Defendant intentionally used an electronic device to acquire the contents of electronic communications intended for the Plaintiff.

105. The Defendant intentionally used the intercepted electronic communications intended for the Plaintiff knowing the electronic communications to have been intercepted.

106. The Defendant intentionally used the intercepted electronic communications intended for the Plaintiff to harm him knowing the electronic communications to have been intercepted.

107. As a direct and proximate result of the Defendant's interception of electronic communications intended for the Plaintiff, the Plaintiff has suffered and continues to suffer damages.

108. The Plaintiff has suffered and continues to suffer damages including, but are not limited to, the costs of responding to the foregoing violations of the Plaintiff's rights, attorneys' fees, costs associated with obtaining a new phone, business ramifications with private client information, violation of his statutory rights, invasion of his privacy, and harassment.

109. The Defendant's Wrongful Conduct may have caused additional harm and damages that the Plaintiff has not yet realized.

110. By engaging in foregoing conduct, the Defendant violated the Electronic Communications Privacy Act ("ECPA"), specifically 18 U.S.C. §§ 2511(1)(a).

111. The Defendant violated the ECPA on more than one day.

112. In particular, the Defendant violated the ECPA each day that she intercepted communications intended for the Plaintiff.

113. WHEREFORE, based on the Defendant's violation of the ECPA, the Plaintiff

14

seeks:

A.     An award of the greater of actual or statutory damages provided for
       pursuant to 18 U.S.C. § 2520 (b)(2) and (c)(2);

B.     An award of punitive damages pursuant to 18 U.S.C. § 2520 (b)(2);

C.     An award of his attorneys' fees and costs reasonably incurred pursuant to
       18 U.S.C. § 2520 (b)(3);

D.     Injunctive relief in the form of an order:

       i.    permanently enjoining the Defendant from intercepting electronic
             communications intended for the Plaintiff through his electronic
             accounts, including but not limited to, his Google Account;

       ii.   permanently enjoining the Defendant from accessing and/or
             attempting to access the Plaintiff's electronic accounts;

       iii.  permanently enjoining the Defendant from engaging in any other
             conduct explicitly or implicitly impersonating the Plaintiff; and

       iv.   compelling the Defendant to permanently erase all electronic and
             other copies of communications intended for the Plaintiff the
             Defendant obtained unlawfully; and,

E.     Any such other relief to which the Plaintiff may be entitled or as justice
       may require.

## COUNT FOUR

## AS AND FOR A FOURTH CAUSE OF ACTION

## ILLINOIS COMPUTER CRIME PREVENTION LAW

## 720 ILCS 5/17-51

114.     The Plaintiff hereby incorporates by reference Paragraphs 1 through 56 above in this Fourth Count as though fully set forth herein.

115.     In or around September 2024, the Defendant made Unauthorized Access the Plaintiff's devices and accounts, including his Google Account, to obtain information about his personal and private affairs.

116.     The Defendant did so without authorization or at least in excess of the authority granted to her.

117.     The Defendant did so knowingly.

118.     In fact, the Defendant did obtain certain data about the Plaintiff's private affairs through unauthorized access to his Google Account.

119.     The Defendant damaged and/or altered the Plaintiff's Google Account.

120.     As a result, the Defendant violated the Illinois Computer Crime Prevention Law ("ICCPL"). See 20 ILCS 5/17-51(a)(1) - (3).

121.     The Plaintiff has suffered and continues to suffer damages including, but are not limited to, the costs of responding to the foregoing violations of the Plaintiff's rights, attorneys' fees, costs associated with obtaining a new phone, business ramifications with private client information, violation of his statutory rights, invasion of his privacy, and harassment.

122.     Additionally, the Defendant's Wrongful Conduct may have caused additional harm and damages that the Plaintiff has not yet realized.

123.    WHEREFORE, based on the Defendant's violation of the ICCPL, the Plaintiff

seeks:

    A.    An award of compensatory damages;

    B.    An award of punitive damages;

    C.    An award of his attorneys' fees and costs reasonably incurred pursuant to
        20 ILCS 5/17-51(c);

    D.    Injunctive relief in the form of an order:

        i.    permanently enjoining the Defendant from intercepting electronic
          communications intended for the Plaintiff through his electronic
          accounts, including but not limited to, his Google Account;

        ii.    permanently enjoining the Defendant from accessing and/or
          attempting to access the Plaintiff's electronic accounts and/or
          devices;

        iii.    permanently enjoining the Defendant from engaging in any other
          conduct explicitly or implicitly impersonating the Plaintiff; and

        iv.    compelling the Defendant to permanently erase all electronic and
          other copies of communications intended for the Plaintiff the
          Defendant obtained unlawfully; and

    E.    Any such other relief to which the Plaintiff may be entitled or as justice
        may require.

## COUNT FIVE

## AS AND FOR A FIFTH CAUSE OF ACTION

## FRAUDULENT MISREPRESENTATION

124. The Plaintiff hereby incorporates by reference Paragraphs 1 through 56 above in this Fifth Count as though fully set forth herein.

125. In or around September 2024, the Defendant made Unauthorized Access the Plaintiff's devices and accounts, including his Google Account, to obtain information about his personal and private affairs.

126. To hide the origin of the source of the information, the Defendant made a false statement of material fact by informing the Defendant he was the subject of posts in the Facebook Group.

127. The Defendant knew the statement of material fact was false.

128. The Defendant made the statement of material fact to induce the Plaintiff act.

129. Specifically, the Defendant made the statement of material fact to induce the Plaintiff to take action, protect his reputation, and pursue damages against those defaming him in the Facebook Group.

130. The Plaintiff relied on the supposed truth of Defendant's statement by retaining legal counsel to contact the women the Defendant stated were involved in the Facebook Group posts.

131. The Plaintiff's reliance was reasonable and justified.

132. The Defendant acted willfully and/or intentionally.

133. As a result, the Plaintiff incurred substantial legal fees to contact those third parties allegedly involved in the Facebook Group

134.    Additionally, the Defendant's Wrongful Conduct may have caused additional harm and damages that the Plaintiff has not yet realized.

135.    WHEREFORE, the Plaintiff seeks an award of compensatory and punitive damages arising from the Defendant's fraudulent misrepresentation and inducement.

<strong><u>COUNT SIX</u></strong>

<strong><u>AS AND FOR A SIXTH CAUSE OF ACTION</u></strong>

<strong><u>INTRUSION UPON SECLUSION</u></strong>

136.    Plaintiff hereby incorporates by reference paragraphs 1 through 56 above in this Sixth Count as though fully set forth herein.

137.    Defendant made unauthorized intrusions upon Plaintiff's privacy and seclusion when she accesses the Plaintiff's devices and accounts, including his Google Account, to obtain information about his personal and private affairs.

138.    The unauthorized intrusions upon Plaintiff's privacy and seclusion in which Defendant engaged would be and are highly offensive and/or highly objectionable to a reasonable person.

139.    Plaintiff's information about his personal and private affairs, including communications, constituted and still constitute private matters upon which Defendant intruded.

140.    In making such intrusions upon Plaintiff's seclusion, Defendant acted with actual malice.

141.    Defendant's intrusions upon Plaintiff's seclusion caused and continue to cause Plaintiff a great deal of anguish and suffering. Moreover, the uncertainty of the extent of the intrusions continues to cause Plaintiff a great deal of anguish and suffering.

142.    Plaintiff has suffered and continues to suffer damages as a result of Defendant's

intrusions upon her seclusion including, but not limited to, harmed reputation, embarrassment, invasion of his privacy, mental anguish, trauma and emotional distress.

143.    WHEREFORE, Plaintiff seeks recovery of general compensatory and punitive damages resulting from Defendant's intrusions upon her seclusion.

**COUNT SEVEN**

**AS AND FOR A SEVENTH CAUSE OF ACTION**

**DEFAMATION *PER SE***

144.    The Plaintiff hereby incorporates by reference Paragraphs 1 through 56 above in this Fifth Count as though fully set forth herein.

145.    In the Anonymous Texts, the Defendant stated the Plaintiff contracted a sexually transmitted disease.

146.    Specifically, she stated: "He had a health scare last year with an STD and he had to get tested. I am sure he didn't tell anyone but now multiple women are getting tested. U should too." ("STD Accusations"). Exhibit A.

147.    The STD Accusations in the Anonymous Texts are false.

148.    The Defendant published the STD Accusations in the Anonymous Texts concerning the Plaintiff to at least one third party.

149.    Upon information and belief, the Defendant sent the Anonymous Texts with the same or similar content to other third parties.

150.    The Anonymous Texts refer to the Plaintiff by name.

151.    Persons other than the Plaintiff and the Defendant would and actually have reasonably understood that the Anonymous Texts, including the STD Accusations, were related to and were about the Plaintiff.

152.     The Defendant presented the STD Accusations as statements of fact.

153.     The STD Accusations constituted unprivileged publications of defamatory statements by the Defendant.

154.      The Defendant made the STD Accusations with actual malice knowing the falsity of the statements.

155.     The STD Accusations constitute defamation *per se* because they impute that the Plaintiff was infected with a loathsome communicable disease.

156.     As a result of the Defendant's conduct and the publication of the false STD Accusations, the Plaintiff has suffered and continues to suffer damages including, but not limited to, harmed reputation.

157.     WHEREFORE, the Plaintiff seeks:

A.     An award of compensatory damages against the Defendant for the Defendant's *per se* defamation of the Plaintiff, in an amount to be determined at trial, together with interest and costs of suit; and,

B.     An award of punitive damages against the Defendant for the Defendant's *per se* defamation of the Plaintiff in an amount to be determined at trial.

## **GENERAL**

158.     Where conditions precedent are alleged, the Plaintiff avers that all conditions precedent have been performed or have occurred.

159.     The Plaintiff demands a jury trial.

160.     Where general compensatory damages have not been found, the Plaintiff alternatively seeks nominal damages.

**PRAYER FOR RELIEF**

WHEREFORE, PLAINTIFF MUHAMMAD MUSTAFA accordingly and respectfully prays for judgment against the DEFENDANT SHIRLEY LYDIA SAN as follows:

1.      That PLAINTIFF MUHAMMAD MUSTAFA be awarded general compensatory damages in an amount to be determined at trial;

2.      That PLAINTIFF MUHAMMAD MUSTAFA be awarded statutory damages in an amount to be determined at trial;

3.      That PLAINTIFF MUHAMMAD MUSTAFA be awarded punitive damages in an amount to be determined at trial;

4.      That PLAINTIFF MUHAMMAD MUSTAFA be awarded his attorneys' fees and costs in this action;

5.      That PLAINTIFF MUHAMMAD MUSTAFA be awarded the injunctive relief sought; and

6.      That PLAINTIFF MUHAMMAD MUSTAFA be awarded any such other and further relief as this Court may deem just and proper or to which the Plaintiff may be entitled as a matter of law and equity.

Dated: Chicago, Illinois
     September 5, 2025

PLAINTIFF,
MUHAMMAD MUSTAFA


/s/ Kyle Serilla
Kyle Serilla

By:    One of His Attorneys
       Kyle Serilla
       Mudd Law Offices
       411 S. Sangamon St.
       Suite 1B
       Chicago, Illinois 60607
       312.964.5051 Phone
       312.803.1667 Facsimile
       kyle@muddlaw.com

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS

## EASTERN DIVISION

| | | |
|---|---|---|
| MUHAMMAD MUSTAFA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. |
| | ) | |
| SHIRLEY LYDIA SAN, | ) | |
| | ) | |
| Defendant. | ) | |

## JURY DEMAND

PLAINTIFF MUHAMMAD MUSTAFA demands trial by jury.

/s/ Kyle Serilla
Kyle Serilla

By:    One of His Attorneys
Kyle Serilla
Mudd Law Offices
411 S. Sangamon St.
Suite 1B
Chicago, Illinois 60607
312.964.5051 Phone
312.803.1667 Facsimile
kyle@muddlaw.com

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF ILLINOIS

### EASTERN DIVISION

MUHAMMAD MUSTAFA,      )
                                      )
        Plaintiff,         )
                                      )
            v.          )   Case No.
                                      )
SHIRLEY LYDIA SAN,      )
                                      )
        Defendant.     )

## VERIFICATION

MUHAMMAD MUSTAFA, being first duly sworn, deposes and states as follows:

That deponent is a Plaintiff, that deponent read the foregoing Verified Complaint and knows the contents thereof; that the same is true to the deponent's own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters deponent believes them to be true.

I swear under penalty of perjury that the foregoing is true and correct.

*Muhammad Mustafa*

---
09/04/2025            Muhammad Mustafa

25